**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

JAMES RIVER INSURANCE COMPANY,
a foreign corporation,

Plaintiff,

vs. CASE NO: 1:16-CV-20273

RICH BON CORP. d/b/a THE MINT LOUNGE, a Florida corporation, MARQUELL SHELLMAN, an individual, and DAINA HILBERT, Personal Representative of the Estate of David Hilbert,

Defendants.
_______________________________________/

## COMPLAINT FOR DECLARATORY RELIEF

JAMES RIVER INSURANCE COMPANY ("James River") files suit against RICH BON CORP. d/b/a THE MINT LOUNGE ("Mint"), MARQUELL SHELLMAN ("Shellman"), and DAINA HILBERT, as Personal Representative of the Estate of David Hilbert ("Hilbert"), and alleges:

## NATURE OF ACTION

1. This is an action under 28 U.S.C. § 2201 for a declaration that the James River insurance policy's Assault and Battery Limit is the total available coverage for a lawsuit involving an assault and battery at a nightclub.

## JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of fees, interest, and costs.

3. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(2). More specifically, the policy was issued and delivered to Mint in this district, and an underlying action is venued in this district.

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5. James River is an Ohio corporation with its principal place of business in Virginia. For this lawsuit, James River is a surplus lines insurer under §§ 626.913-626.937, Fla. Stat. that issued a liability policy to Mint.

6. Mint is a Florida corporation with its principal place of business in Miami-Dade County, Florida. Mint is a defendant in an underlying action filed by Shellman.

7. Shellman is a Florida citizen, domiciled in Miami-Dade County, Florida. He is the plaintiff in an underlying action filed against Mint.

8. Daina Hilbert is the personal representative of the Estate of David Hilbert and is a Florida citizen, domiciled in Broward County, Florida. David Hilbert, at the time of his death, was a Florida citizen domiciled in Broward County, Florida.

## COMMON ALLEGATIONS

9. ***THE UNDERLYING INCIDENT****:* On July 21, 2015, Shellman, a patron at Mint, was talking with his girlfriend at the bar. Shellman's girlfriend saw an acquaintance, and eventually got into an argument, which resulted in the acquaintance physically attacking Shellman's girlfriend.

10. Security personnel intervened to break up the fight, at which time Shellman and his girlfriend were asked to leave the establishment. Their acquaintance was also being removed from the establishment.

11. Shellman and a security guard began arguing when an individual, identified as Justin Bailey ("Bailey"), started shooting at the security guard. The security guard returned fire.

12. Hilbert, who was an employee of Mint, also drew a gun and began shooting back at Bailey.

13. As a result of the shooting incident, Shellman was shot several times. Hilbert and the

security guard were also shot and subsequently died as a result of their injuries.

14. ***THE UNDERLYING A&B LAWSUIT**:* Shellman filed a lawsuit, Case No. 15-CA 025916 CA 01 in the 11th Judicial Circuit in and for Miami-Dade County. A copy of the amended complaint is attached as Exhibit "A."

15. Shellman alleges that at approximately 4:00 a.m. on July 21, 2015, he was the victim of an assault and battery at Mint Lounge when he was shot in the abdomen and left leg by security personnel employed by Mint. Ex. A, ¶6.

16. Shellman sued Mint, among others, alleging that Mint breached its duty to provide adequate security and safe premises for Shellman by failing to provide adequate security, failing to hire fit and qualified security personnel, failing to sufficiently train its security personnel, failing to warn, protect or guard against criminal activity for which Mint knew or should have known to exist, failing to implement adequate security measures, and failing to protect invitees from known criminal dangers about the premises. Ex. A, ¶10.

17. ***THE JAMES RIVER A&B LIMIT:*** James River issued a Commercial General Liability and Liquor Liability policy to Mint, Policy No. 00060475-1, with coverage incepting on December 18, 2014 and terminating on December 18, 2015. A copy is attached as Exhibit "B."

18. The policy contains an insuring agreement under Form No. CG 00 01 12 07, titled "Commercial General Liability Form." It provides, in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" for "bodily injury" or "property damage" to which this insurance does not apply… But:

**(1)** The amount we will pay for damages is limited as described in Section **III-** Limits of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limited of insurance in the payment of judgments or settlements. …

**2. Exclusions**

This insurance does not apply to:

**d. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above. …

19. The policy also contains Form No. CG 00 33 12 07, titled "Liquor Liability Coverage Form," which provides in relevant part:

**SECTION I – LIQUOR LIABILITY COVERAGE**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply. …. But:

**(1)** The amount we will pay for damages is limited as described in Section **III-** Limits of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the

applicable limited of insurance in the payment of judgments or settlements. …

**2. Exclusions**

This insurance does not apply to:

**b. Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**c. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above. …

20. The policy also contains Form No. AP2029US 12-10, titled "Combined Policy Exclusions", which provides in relevant part:

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

**DUTY TO DEFEND EXCLUSION**

Where there is no coverage under this policy, there is no duty to defend.

21. The policy also contains an endorsement titled "Exclusion – COVERAGE C – Medical Payments," bearing Form No. MC2139US 04-03, which provides:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| **ALL PREMISES AND CLASSIFICATIONS** |
|---|

With respect to any premises or classification shown in the Schedule:

**1.** Section **I** – Coverage **C** – Medical Payments does not apply and none of the references to it in the Coverage Part apply.

22. The policy contains an endorsement titled "Assault And Battery Limits Of Liability Endorsement – Defense Within Limits," bearing Form No. AP2045US 04-11, which provides:

**ASSAULT AND BATTERY LIMITS OF LIABILITY ENDORSEMENT – DEFENSE WITHIN LIMITS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE
LIQUOR LIABILITY COVERAGE

**SCHEDULE**

| Applicable Coverage Forms: | Limits of Insurance | |
|---|---|---|
| X Commercial General Liability Coverage Form | Each Occurrence or Common Cause Limit | $25,000 |
| X Liquor Liability Coverage Form | Aggregate Limit | $50,000 |

A. The amounts shown in the SCHEDULE are the most we will pay for "claims expense" and those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury", arising out of, resulting from, or in connection with:

1. Assault or battery, whether or not caused or committed by or at the instructions of, or at the direction of or negligence of you, any insured, any person, or any causes whatsoever;

2. The failure by you, any insured or any person to suppress or prevent an assault or battery;

3. The failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or the failure to warn of the dangers of the environment which could contribute to assault or battery;

4. The negligent employment, investigation, hiring, supervision, training, or retention of any person;

5. The use of force to protect persons or property whether or not the “bodily injury”, “property damage” or “personal and advertising injury” was intended from the standpoint of the insured or committed by or at the direction of the insured;

6. The failure to render or secure medical treatment or care necessitated by an assault or battery.

Assault includes, but is not limited to, assault, sexual abuse, sexual assault, intimidation, sexual harassment, verbal abuse, and any threatened harmful or offensive contact between two or more persons, whether or not caused or committed by or at the instructions of, or at the direction of or negligence of You, any insured, any person, or any causes whatsoever.

B. The Limits of Insurance listed in the above SCHEDULE are not in addition to the Limits of Insurance shown in the Commercial General Liability Declarations or the Liquor Liability Coverage Declarations, but specifically limit the Limits of Insurance shown in the Commercial General Liability Declarations and the Liquor Liability Declarations.

Any “claim expense” arising from any claim or “suit” to which this endorsement applies and incurred by us shall be included within the Limits of Insurance in the above SCHEDULE and shall not be paid in addition to such Limits of Insurance. Our duty to defend any claim or “suit” or to pay any settlement or judgment or defense costs ends after we have paid or applicable Limits of Insurance as forth in the above SCHEDULE. All “claim expense” shall first be subtracted from the Limits of Insurance with the remainder, if any, being the amount available to pay damages. If the applicable Limit of Insurance is exhausted by the payment of settlements, judgments, awards and/or defense costs prior to final settlement, judgment or award, we shall have the right to withdraw from any further defense by tendering control of the defense of the “suit” to you. Any payments made under **SUPPLEMENTARY PAYMENTS – COVERAGES A AND B** will reduce the Limits of Insurance.

C. “Claims Expense” shall include investigations, adjustment and legal expenses, interests and fees, including court costs and premiums on bonds. “Claims expense” does not include salary charges of regular employees of the Company.

D. When this endorsement applies to the COMMERCIAL GENERAL LIABILITY COVERAGE FORM, as shown in the SCHEDULE above, **SECTION I – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, paragraph a.** is deleted in its entirety and replaced with the following:

**a. Expected or Intended Injury**

“Bodily injury” or “property damage” which is expected or intended by any insured even if the “bodily injury” or “property damage”:

(1) Is of a different kind, quality, or degree than initially expected or intended; or

(2) Is sustained by a different person, entity, real or personal property than initially expected or intended.

E. When this endorsement applies to the LIQUOR LIABILITY COVERAGE FORM, as shown in the SCHEDULE above:

1. The terms "bodily injury" and "property damage" in this endorsement are replaced by the term "injury" and the term "personal and advertising injury" does not apply.

2. The following is added to section A. of this endorsement:

(7) The intoxication of any person.

3. **SECTION I – LIQUOR LIABILITY COVERAGE 2. Exclusions, paragraph a.** is deleted in its entirety and replaced with the following:

**a. Expected or Intended Injury**

"Injury" which is expected or intended by any insured even if the "injury":

(1) Is of a different kind, quality, or degree than initially expected or intended; or

(2) Is sustained by a different person, entity, real or personal property than initially expected or intended.

23. James River is currently defending Mint in the underlying action and makes its A&B Limit of $50,000 available to Shellman, Hilbert, and any other potential claimants regarding the underlying incident, as reduced by claim expenses and costs. James River filed this action so there is no disagreement over the total available coverage.

**<u>COUNT I – JAMES RIVER'S A&B LIMIT IS THE TOTAL AVAILABLE COVERAGE UNDER THE POLICY</u>**

24. James River incorporates paragraphs 1 – 23.

25. The underlying incident involves claims against Mint arising out of an assault and battery.

26. All bodily injury claimed in the underlying action arises out of an assault, a battery, or harmful or offensive conduct.

27. The underlying action accordingly falls directly within the scope of the policy's Assault and Battery Limit.

28. As James River is continuing to incur claim expenses in defending Mint, the $50,000 Assault and Battery Limit is eroding.

**COUNT II – NO COVERAGE FOR HILBERT**
**WORKERS' COMPENSATION & EMPLOYER'S LIABILITY EXCLUSION**

29. James River incorporates paragraphs 1-23.

30. To the extent Hilbert seeks damages from Mint, there is no coverage under the James River policy as Hilbert was an employee of Mint, acting in the course and scope of his employment when he was injured during the underlying incident.

31. Accordingly, Hilbert's claim for bodily injuries against Mint are excluded under exclusions d. and e. under the Commercial General Liability Form, Section I., Coverage Part A., ¶ 2, Exclusions and exclusions b. and c. under the Liquor Liability Form, Section I, ¶ 2, Exclusions.

**COUNT III – NO MEDICAL PAYMENTS COVERAGE**

32. James River incorporates paragraphs 1-23.

33. Pursuant to Form No. MC2139US 04-03, the James River policy does not provide Medical Payments coverage. Accordingly, to the extent any party is seeking Medical Payments coverage, they are excluded under the James River policy.

**REQUESTED RELIEF**

**WHEREFORE,** James River respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policy;

b. Find that the total available coverage for the underlying actions is subject to the policy's Assault and Battery Limit, less any claim expenses already incurred in

the investigation and defense of the underlying action;

c. Find that there is no coverage for Hilbert, as he was an employee injured in the course and scope of his employment;

d. Find that there is no medical payments coverage available for any claimants; and

e. Award James River all costs it incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ JOHN J. CAVO
SINA BAHADORAN
Florida Bar No. 523364
sbahadoran@hinshalaw.com
JOHN J. CAVO
Florida Bar No. 0462764
jcavo@hinshawlaw.com
2525 Ponce de Leon Blvd.
4th Floor
Miami, Florida 33134
Tel: 305-358-7747
Fax: 305-577-1063